# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3098 | **DATE** | 5/3/2001 |
| **CASE TITLE** | USA vs. Darwin Montana | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. This Court believes that the prudent course, and the one that will be employed here, is to order the United States to file an answer or otherwise plead to the Section 2255 motion on or before June 1, 2001 (with the response to include but not to be limited to the issue identified in the preceding paragraph), while Montana's counsel will also be expected to elaborate on his brief discussion of Taglia by adducing any authorities that deal expressly with the same issue (and to do so on the same timetable).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | MAY 0 4 2001 |
| | Notified counsel by telephone. | | date docketed |
| | Docketing to mail notices. | | CM |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 01 MAY -3 PM 3:32 | 5/3/2001 |
| | | | date mailed notice |
| SN | courtroom deputy's initials | | SN |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


DOCKETED
MAY 04 2001

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 98 CR 54 |
| ) | (01 C 3098) |
| DARWIN MONTANA, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Darwin Montana ("Montana"), acting through the same able counsel (Phillip Turner, Esq.) who represented him on his unsuccessful appeal, has filed a 28 U.S.C. §2255 ("Section 2255") motion in which he seeks to vacate his conviction and the 322-month sentence that this Court imposed on March 16, 1999 after a jury had found Montana guilty of bank robbery and of the use of a firearm in the course of that robbery (a crime of violence). Because the motion has been filed less than a year after May 15, 2000, when the United States Supreme Court denied Montana's petition for a writ of certiorari after our Court of Appeals' affirmance (reported at 199 F.3d 947 (7th Cir. 1999)), it meets the timeliness requirement imposed by Section 2255. For the reasons stated in this memorandum opinion and order, the United States will be required to file an answer or otherwise to plead to one facet of the motion in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

3

At the outset, however, Montana's accompanying Application To Proceed Without Prepayment of Fees ("Application") should be addressed briefly. Because a Section 2255 motion is treated as having been filed within the original criminal Case No. 98 CR 54 (though the motion is also assigned a civil case number purely for convenience in filing and record maintenance), no filing fee is required--hence the motion is denied as moot.

To turn to Montana's substantive claims, a large part of the second of them--a claim that asserts that this Court was without jurisdiction to sentence him--is patently without merit. It purports to be supported by what is labeled "Darwin Montana's Supplemental Brief in Support of Motion To Dismiss Case Due to Lack of Jurisdiction by District Court," to which three typewritten pages are attached. Montana himself has signed the Supplemental Brief, even though he is represented by attorney Turner, who was formerly an Assistant United States Attorney and is now an experienced member of the criminal trial bar.

Any such submission is problematic to begin with. It is of course well established that every criminal defendant has a constitutional right to representation by counsel (both at trial and on direct appeal) and has the equivalent right of self-representation (in the latter respect, the seminal decision is Faretta v. California, 422 U.S. 806 (1975)). But no one has the constitutional right to engage in a hybrid procedure in which he

or she chooses to be represented by counsel for some purposes and to represent himself or herself for others (though there are myriad cases that state and apply that principle, most draw on that holding in McKaskle v. Wiggins, 465 U.S. 165, 183 (1984)).[1] This post-conviction situation should be no different--attorney Turner has responsibilities to the court as well as to his client, and the former set of responsibilities preclude his advancement of legally frivolous arguments even where the client desires that they be proffered (hence the Anders procedure). And that being the case, this Court's view is that attorney Turner should not have accompanied his own studied filing with something emanating from his client that Turner was not prepared to sign onto himself as a responsible submission. In this instance the Supplemental Brief (whoever else may have prepared it, whether Montana or some "jailhouse lawyer" assisting him) discloses a smattering of ignorance, and it is rejected outright under the authority of Section 2255 Rule 4(b).

With that out of the way, there is also part of the Argument

---

[1] There is a qualification of that doctrine where a lawyer files an Anders v. California, 386 U.S. 738 (1967) brief asking leave to withdraw as appointed appellate counsel on the ground that the lawyer sees no non-frivolous grounds for the appeal. In that situation the criminal defendant who is facing abandonment by his or her lawyer is regularly given the opportunity to submit a pro se filing on defendant's own behalf. And of course the court may choose to appoint standby counsel to assist in protecting the rights of a defendant who has invoked his or her Faretta right--see McKaskle on that score.

3

section of the Section 2255 motion that advances a more limited challenge to jurisdiction--this time one prepared by attorney Turner, though also signed by Montana. That challenge is predicated on the manner in which the government apparently sought to prove the existence of federal deposit insurance, one of the elements of the bank robbery offense under 18 U.S.C. §2113. In that respect it is true that Assistant United States Attorney Brian Ellis elicited that information through the testimony of an employee of the victim bank.[2] That evidence came in without objection on hearsay grounds or otherwise, and any claim as to its purported insufficiency must be deemed to have been waived.[3] Hence that contention is also dismissed summarily.

That leaves for consideration the principal gravamen of the Section 2255 motion, one dealing with a more seriously advanced claim of the ineffective assistance of counsel. That poses an interesting threshold problem, one recognized by attorney Turner's opening-gun citation of United States v. Taglia, 922

---

[2] Because this Court does not have the trial record, it is not aware whether the most-often-followed practice of introducing an exhibit certifying such federal insurance was also part of the government's proof, but for present purposes it will be assumed that such was not the case--that the bank employee's testimony was the only evidence on that subject.

[3] Clearly any contemporaneous objection would have triggered an opportunity for the government to engage in the readily available curing of the purported deficiency. Nor could it be argued persuasively that the failure of defense counsel to have interposed such an evidentiary objection would itself have constituted constitutionally deficient performance.

F.2d 413, 419 (7th Cir. 1991). In that respect our Court of Appeals' opinion on Montana's direct appeal reflects that the asserted constitutional inadequacy of Montana's representation by his trial counsel constituted the main predicate for attorney Turner's effort to obtain reversal (see 199 F.3d at 948-49)--only one other issue, having to do with an evidentiary ruling, was considered by the Court of Appeals as meriting any discussion at all (id. at 950). Under those circumstances the problems discussed in Taglia (principally as to the applicability or inapplicability of the law of the case doctrine) obviously come into play.

As Taglia, 922 F.3d at 417-18 makes plain, the only listed "good reason" exception to applicability of law of the case that might arguably apply to the current motion is the one that permits a district court's later reexamination--after the criminal defendant has failed on appeal--of what Taglia refers to as "new evidence." On that score, what Montana now seeks to proffer is certainly evidentiary material that was not part of the trial court record (and that was hence unavailable to him on direct appeal), but it also cannot be gainsaid that the "new" evidentiary material was already known to Montana before he took his direct appeal.

If the unexplained reference to "new evidence" in Taglia were read to encompass only evidence that was discovered after it

5

had become too late to make a policy judgment as to whether any ineffective assistance of counsel issues were to be included on the direct appeal, what has been advanced in the current Section 2255 motion could perhaps be barred on the premise that the decision to include other such arguments in the appeal (necessarily based on deficiencies of record) essentially amounted to an assumption of risk that other already-known arguments as to the inadequacy of counsel would not be entertained later.[4] But if "new evidence" is meant to connote nothing more than non-record evidence, it clearly becomes necessary to look at the current Section 2255 arguments in substantive terms, rather than their facing such a procedural block.

This Court has set its even-numbered law clerk to work to take a preliminary look at that question, but without any real success in that regard. Accordingly this Court believes that the prudent course, and the one that will be employed here, is to order the United States to file an answer or otherwise plead to the Section 2255 motion on or before June 1, 2001 (with the response to include but not to be limited to the issue identified in the preceding paragraph), while Montana's counsel will also be expected to elaborate on his brief discussion of Taglia by

---

[4] This is not the same dilemma of steering between Scylla and Charybdis described in Taglia, 922 F.2d at 418, but it appears to be a near cousin.

6

adducing any authorities that deal expressly with the same issue (and to do so on the same timetable).

                                                       _____
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date:   May 3, 2001