Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3098 | **DATE** | 8/24/2001 |
| **CASE TITLE** | USA vs. Darwin Montana | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly this Court determines that no evidentiary hearing is required (see Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ) and that "such disposition of the motion as justice dictates" (id.) Calls for its denial and the dismissal of this action.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 27 2001 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | 8 |
| | Mail AO 450 form. | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | 8/24/2001 date mailed notice | |
| SN | courtroom deputy's initials | 01 AUG 24 PM 4: 48 | |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials |

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

UNITED STATES OF AMERICA,   )
                            )
            Plaintiff,      )
                            )
    v.                      )     No.  98 CR 54
                            )        (01 C 3098)
DARWIN MONTANA,             )
                            )
            Defendant.      )

                MEMORANDUM OPINION AND ORDER

DOCKETED
AUG 2 7 2001

Darwin Montana ("Montana"), acting through the same able counsel (Phillip Turner, Esq.) who represented him on his unsuccessful appeal, has filed a 28 U.S.C. §2255 ("Section 2255") motion in which he seeks to vacate his conviction and the 322-month sentence that this Court imposed on March 16, 1999 after a jury had found Montana guilty of bank robbery and of the use of a firearm in the course of that robbery (a crime of violence). This Court's May 3, 2001 memorandum opinion and order dispatched all aspects of Montana's motion save one--that asserting the constitutionally ineffective assistance of his trial counsel--and ordered (1) the United States to file a response on that issue and (2) Montana's counsel to submit any additional authority that he would rely on in that respect.  Attorney Turner complied promptly with the latter directive, but the case apparently got lost in the United States Attorney's office--it was only when attorney Turner later moved for an order of default that the case was reassigned within that office, and the United States has

recently filed its response.

It is now exceedingly plain from the parties' submissions that Montana must lose on that remaining claim, just as he has lost on the other issues originally tendered in his motion. As our Court of Appeals' affirmance of his conviction on direct appeal (via the "Opinion," 199 F.3d 947 (7th Cir. 1999)) reflects, the principal issues that he had tendered on that direct appeal also attacked the effectiveness of his trial counsel's representation (see id. at 948-49). That being the case, he is limited by law of the case considerations to one shot and one shot only on that subject, at least as to matters that were known or reasonably knowable at the time of the appeal--see such cases as United States v. Hardamon, 188 F.3d 843, 847 (7th Cir. 1999); United States v. Woolley, 123 F.3d 627, 634 (7th Cir. 1997); United States v. Allender, 62 F.3d 909, 913 (7th Cir. 1995); United States v. South, 28 F.3d 619, 629 (7th Cir. 1994); Bond v. United States, 1 F.3d 631, 635 (7th Cir. 1993).

What Montana has now offered up does not fit that last potentially exceptionable category of new (that is, unknown and not reasonably knowable) evidence--evidence that might perhaps qualify for current consideration under the principle stated in United States v. Taglia, 922 F.2d 413, 418 (7th Cir. 1991) and pursuant to a like suggestion in Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995). Nor is attorney Turner correct in

2

urging that he was in a Catch-22 situation on the direct appeal, where the failure to have raised Montana's then-advanced arguments of ineffective assistance of his trial counsel would assertedly have triggered a holding of waiver (more accurately, forfeiture) as and when Montana later tried a Section 2255 motion on the same generic ground. Instead:

1. If a defendant's only potentially available ineffective assistance claims are apparent from the trial record, such claims must indeed be advanced on direct appeal or be lost via waiver (or forfeiture)--see, e.g., United States v. Guinan, 6 F.3d 468, 473-74 (7th Cir. 1993).

2. But if (as is assertedly Montana's situation) such claims are mixed--some based on the record and others based on extrinsic evidence, so that the totality of circumstances is relied on to show trial counsel's inadequacy--no such prejudicial consequence arises. To the contrary, in that scenario our Court of Appeals regularly eschews any proposed consideration of the record-based potential claims on direct appeal, instructing defendants to consider the later filing of Section 2255s motion to avoid the problem that now bars Montana's motion (the procedure followed, for example, in such cases as Hardamon, 188 F.3d at 847 and South, 28 F.3d at 629).

3

That latter course was understandably not followed by our Court of Appeals in Montana's direct appeal. As stated earlier, the Opinion devoted most of its consideration to Montana's claims of ineffective assistance that represented the bulk of Montana's then-advanced claims, and there was nothing to suggest at that point that he was holding anything back in that area.

What has been said up to now clearly calls for the denial of Montana's motion. But this Court would be remiss if it did not add a few words about the emptiness of Montana's current arguments in substantive terms in any event. This Court has already expressed its view that Montana's experienced trial counsel performed very competently in handling a difficult case at trial, and nothing in the Opinion is at odds with that determination. And the government's response to the current motion (at its Mem. 8-9) demonstrates amply that the legal representation that Montana received at trial is in no way vulnerable under the principles announced in the seminal decisions in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) and <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 368-70 (1993).

Accordingly this Court determines that no evidentiary hearing is required (see Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts) and that "such disposition of the motion as justice dictates" (<u>id</u>.) calls for its denial and the dismissal of this action. This Court so

4

orders.

	_____
	Milton I. Shadur
	Senior United States District Judge

Date:  August 24, 2001